UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ARTHUR SCOTT PRELLE,

    Plaintiff,

v.

CHIEF EXECUTIVE OFFICER OF NEW JERSEY, STATE OF, et al.,

    Defendants.

Civil Action No. 16-5447 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff's motion for leave to proceed without prepayment of fees under 28 U.S.C. § 1915. (ECF No. 7.) Plaintiff had previously filed an application to proceed without prepayment of fees. (ECF No. 1-4.) The Court denied Plaintiff's original application because Plaintiff failed to "provide sufficient information for the Court to determine that he is entitled to proceed *in forma pauperis* ('IFP')." (ECF No. 6.) The Court noted that Plaintiff failed to sign the Affidavit in Support of the Application, stated his 2015 Lexus had no value, and "answered 'None' to most of the questions on the application, including: (1) income; (2) employment; (3) amount of funds in bank accounts; and (4) monthly expenses, which cover food, clothing, laundry, medical, dental, and transportation." (*Id.*) The Court, therefore, denied Plaintiff's application and granted Plaintiff leave to submit a new IFP application that complied with the instructions provided in the application. (*Id.*)

Plaintiff's instant IFP application is also deficient. Specifically, Plaintiff's application does not provide the Court with sufficient information regarding his finances to determine if he is entitled to proceed IFP. (ECF No. 7.) Plaintiff now answers "N/A" to all questions about his

income, employment, amount of funds in bank accounts, and monthly expenses. (*Id.* at 8-12.)[1] Despite affirming on his previous application that he owns a vehicle (ECF No. 1-4), Plaintiff lists no specific assets on this version of his application but indicates that all his assets are "pending accounting in this court." (ECF No. 7 at 10.) Plaintiff further indicates that the identity of persons who rely upon him for support is "private." (*Id.*) While Plaintiff did sign the Affidavit in Support of the Application, he did so with a notation of "vis compulsiva" indicating that his signature is an involuntary act. (*Id.* at 8.) Plaintiff does, however, state that he was previously approved to proceed IFP in the Eastern District of Pennsylvania. (*Id.* at 12.)

An application to proceed IFP is governed by 28 U.S.C. § 1915 which states that "any court of the United States may authorize the commencement . . . of any suit, . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets[.]" 28 U.S.C. § 1915(a)(1). The Court should deny an IFP application if a plaintiff fails to submit the required financial information. *Iglesias v. Clifton Bd. of Educ.*, No. 07-3756, 2008 WL 508502, at *1 (D.N.J. Feb. 20, 2008). An IFP application may be denied if a party does not sign the IFP application. *See Hairston v. Gronolsky*, 348 F. App'x 716, 717 (3d Cir. 2009). Additionally, if the party's "allegation of poverty is untrue" or if matter upon which the IFP application is based is determined by the court to be "frivolous or malicious" the Court may dismiss the claim at any time during the proceeding. 28 U.S.C. § 1915(e)(2).

Here, despite being previously directed by the Court to provide all relevant financial information, Plaintiff again did not provide the Court with sufficient financial information to adequately review his IFP application. (ECF No. 7, 8-12.) On this factor alone, Plaintiff's

---

[1] When citing to Plaintiff's Applications to Proceed IFP (ECF No. 1-4, 7), for clarity, the Court uses the ECF page numbers and not the page numbers listed on the application.

application should be denied. *See Iglesias*, 2008 WL 508502, at *1. Plaintiff, however, has also provided contradictory information as he previously stated that he owned a 2015 Lexus ES350 (*see* ECF 1-4, 9), yet his current IFP application indicates that he has no assets (*See* ECF No. 7). Accordingly, the Court finds good cause to deny Plaintiff's application to proceed IFP.[2] Nevertheless, the Court will afford Plaintiff another opportunity to pay the filing fee or to submit an appropriate IFP application.

Plaintiff, however, is cautioned that if he chooses to file another IFP application, he must complete the IFP application fully and accurately. Moreover, if Plaintiff continues to file nonsensical and inaccurate information on his IFP application, it could be determined to constitute a mockery of the Court. *See Bey v. Stumpf*, 825 F. Supp. 2d 537, 551-52 (D.N.J. 2011) (stating that after being instructed on how to correctly fill out the IFP application, a pro se litigant's continued use of "gibberish mixed with senselessly-picked Latin terms, constitutional phrases and pointless rhetoric . . . [that] does not give this Court with even a hint as to [] Plaintiff's assets" was a mockery of the Court); *See also Hoffenberg v. Grondolsky*, No. 09-4784, 2010 WL 1706304, at *6 (D.N.J. Apr. 27, 2010). Based on the foregoing, and for other good cause shown,

IT IS on this 2nd day of October, 2017, **ORDERED** that: Plaintiff's application is **DENIED**. Plaintiff may file an amended IFP application that fully complies with the instructions by **October 27, 2017**.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[2] The Court has not reached the substance of the allegations in Plaintiff's Complaint.

3