**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARTHUR SCOTT PRELLE,<br><br>Plaintiff,<br><br>v.<br><br>CHIEF EXECUTIVE OFFICER OF NEW JERSEY, STATE OF, et al.,<br><br>Defendants. | Civil Action No. 16-5447 (MAS) (LHG)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Plaintiff Arthur Scott Prelle's July 15, 2020 Motion to Seal Case. (ECF No. 57.) To date, no Defendant has opposed or otherwise responded to this Motion. The Court has carefully considered Plaintiff's submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

**I.      BACKGROUND**

Plaintiff proceeds *pro se* in this matter. The present Motion argues that the Court should seal this case and "exclude the public and press . . . in the interest and good conscience of national security." (Mot. to Seal at *4, ECF No. 57.[1]) The Court notes that Plaintiff has made similar applications in the past that have all been rejected by Magistrate Judge Goodman. (*See* July 7, 2020, Order on Mot. to Seal, ECF No. 55 (denying ECF Nos. 1, 7, & 16).) Accordingly, the Court will consider the present Motion as an appeal of a magistrate judge's decision.

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

1

## II. LEGAL STANDARD

A district court will only reverse a magistrate judge's decision on a non-dispositive issue if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "This deferential standard is 'especially appropriate where the [m]agistrate [j]udge has managed [a] case from the outset and developed a thorough knowledge of the proceedings.'" *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (citation omitted).

The appealing party has the burden "to demonstrate that the magistrate judge's decision was clearly erroneous or contrary to law." *McDonough v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 09-571, 2013 WL 322595, at *2 (D.N.J. Jan. 22, 2013). A finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A decision is considered contrary to the law if the magistrate judge has "misinterpreted or misapplied the applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

## III. DISCUSSION

On July 7, 2020, Judge Goodman found that "Plaintiff has failed to allege any clearly defined and serious injury that will attach to himself in the absence of the case being sealed, nor can the Court discern any such harm." (July 7, 2020, Order on Mot. to Seal 1.) Additionally, Judge Goodman noted "Plaintiff only claims that national security will be threatened by the case materials being made public" without "point[ing] to what specific information requires protecting." (*Id.* at 2.)

Indeed, as Judge Goodman noted, "[t]he party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). "A party who seeks to seal an *entire* record faces an even heavier burden." *Id.*

In the Motion now before the Court, Plaintiff presents the same bald and conclusory claim regarding a national security interest in sealing this case that Judge Goodman previously rejected. Plaintiff makes no specific factual allegation or legal assertion whatsoever, let alone assertions that might persuade the Court that he has met his heavy burden of demonstrating a reason to seal the entire case. Nor has Plaintiff identified a clearly erroneous application of law by Judge Goodman.

Accordingly, for the reasons set forth above and for other good cause shown,

**IT IS** on this 3rd day of February 2021 **ORDERED** that:

1. Plaintiff's Motion to Seal Case is **DENIED** (ECF No. 57.)

                                                                   **MICHAEL A. SHIPP**
                                                                   **UNITED STATES DISTRICT JUDGE**