# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ARTHUR SCOTT PRELLE,

    Plaintiff,

v.

TREASURER OF THE UNITED STATES, et al.,

    Defendants.

Civil Action No. 16-5447 (MAS) (LHG)

**MEMORANDUM ORDER**

## SHIPP, District Judge

    This matter comes before the Court upon two motions to dismiss Plaintiff Arthur Scott Prelle's ("Plaintiff") Amended Complaint. In the first, Defendants Treasurer of the State of New Jersey and the Governor of the State of New Jersey (improperly pled as the "Chief Executive Officer of the State of New Jersey") (collectively, the "State of New Jersey"), moved to dismiss the Amended Complaint. (ECF No. 79.) Plaintiff opposed (ECF No. 81), and the State of New Jersey replied (ECF No. 82). In the second, Defendant Treasurer of the United States (the "United States") also moved to dismiss the Amended Complaint. (ECF No. 93.) Plaintiff opposed (ECF No. 94), and the United States replied (ECF No. 98). Additionally, Plaintiff's Motion for Summary Judgment (ECF No. 59), Motion to Appoint Receiver (ECF No. 83), and Motion for Reconsideration (ECF No. 99) are also pending before the Court. The Court has carefully considered the parties' submissions and, pursuant to Local Civil Rule 78.1, decides these motions without oral argument.

I.  **BACKGROUND**

The Amended Complaint is far from a paragon of clarity. According to Plaintiff, "obligor 'ARTHUR SCOTT PRELLE' and its aliases are one or more unincorporated business trust(s) estate(s)," while "complainant Arthur is grantor, mortgagor, and beneficiary of RE789806284US-0022 Trust with an equitable interest of Arthur Scott Prelle specially deposited into said RE789806284US-0022 Trust." (Am. Compl. 7-8, ECF No. 11.) Plaintiff asserts that "[D]efendant Chief Executive Officer of 'New Jersey, State Of' is trustee of said RE789806284US-0022." (*Id.* at 8.) Plaintiff attaches a December 23, 2015 "Declaration Creating RE789806284US-0022 Trust" to the Amended Complaint. (Decl. *3, Ex. 1 to Am. Compl., ECF No. 11-1.)[1] The document appears to have been issued by declarant "Prelle, arthur scott." (*Id.* at *1) Through the Declaration, Plaintiff apparently intended to "nominate, appoint and declare the [o]ccupant of the Office of the Chief Executive Officer of New Jersey, to be *My Trustee*." (*Id.*) Furthermore, the Declaration also "order[ed] a full accounting *ab initio* of all public and private property and interest linked in any way to the RE789806284US-0022 Trust." (*Id.*) Nevertheless, the Court can discern no averments in the pleadings suggesting that the State of New Jersey accepted the responsibilities conferred on it by the Declaration.

The Amended Complaint is even more confusing in its attempt to explain the origin of Plaintiff's interest in the trust. According to Plaintiff, on or about the day he was born, his:

> parents in error, mistake or accident did not specify the special private nature of the deposit of complainant Arthur's body survey, name, and proper citizen of the United States status, with their appointed fiduciary trustee/intermediary Kenneth N. Morese, M.D. whom they implicitly trusted to do the right thing to prevent any degradation of said complainant Arthur or said complainant's legal

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

2

> and equitable birthright when said complainant's parents
> accidentally allowed for said STATE OF NEW JERSEY creation
> and attachment of public legal fiction 'ARTHUR SCOTT PRELLE'
> estate(s) trust(s) to attach implicitly and without sufficient good and
> lawful valid consideration to their new baby boy.

(Am. Compl. 9-10.) From this, the Court discerns that among his allegations, Plaintiff maintains that the State of New Jersey has somehow interfered with Plaintiff's right to a certain inherited trust because it has imposed the "public legal fiction" of the name "Arthur Scott Prelle" on him. Furthermore, after a lengthy recitation of certain lands, deeds, notes, certificates of title, and conveyances supposedly deposited in the trust, in addition to a diversion into the history of former President Barack Obama's birth certificate, (*id.* at 11-19), Plaintiff alleges that "obligor/trustee Chief Executive Officer of 'New Jersey, State Of' has failed its duties of any response or accounting for said RE789806284US-0022—trust and said Trust *res*." (*Id.* at 20.) According to Plaintiff, based on "the foregoing facts obligor Chief Executive Officer of 'New Jersey, State Of' has neglected title of trustee and usurped the rights of heir to said estate(s) and usurped rights of beneficiary to said trust(s)[.]" (*Id.*)

Plaintiff also joins the "Treasurer of the United States" as a party to this matter. According to Plaintiff, "[D]efendant Treasurer of the United States" is also a "trustee of RE789806284US-0022." (*Id.* at 8.) Plaintiff asserts that the Department of the Treasury is involved in this matter because it has "wrongly converted" certain "property made by and certified by the full faith and credit of the United States of America . . . for the benefit of complainant Arthur." (*Id.* at 5.)

## II. <u>LEGAL STANDARD</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.

3

544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds *pro se*." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DISCUSSION

### A. The State of New Jersey and the United States

Based on the confusing and convoluted allegations in the Amended Complaint, the Court finds that Plaintiff's pleading lacks "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citing Fed. R. Civ. P. 8(a); *Conley*, 355 U.S. at 47). "Though the [c]omplaint is replete with legal-sounding verbiage, it contains mostly conclusory statements with no factual bases." *El Mujaddid v. Brewer*, 808 F. App'x 73, 76 (3d Cir. 2020). For example, in a conclusory fashion, Plaintiff asserts that the State of New Jersey has "usurped rights of beneficiary to said trust(s)." (Am Compl. 20.) But there are no factual averments to support this conclusion aside from legal documents apparently drawn-up by Plaintiff himself that purport to create the trust and unilaterally nominate the State of New Jersey as trustee. These documents appear to lack any acknowledgment from the State of New Jersey of the responsibilities the Declaration nominates it to undertake. The Court is simply at a loss as to

4

how, even accepting the Amended Complaint's facts as true, the State can be described as a "usurper."

Moreover, to the extent Plaintiff claims that this matter presents a federal question, the Court can discern no facts plausibly suggesting the State has perpetrated a violation of federal law against Plaintiff such as a taking or due process violation. *See Doe v. Sizewise Rentals, LLC*, No. 09-3409, 2010 WL 3614200, at *3 (D.N.J. Sept. 8, 2010) ("The Court . . . should [not] be required to sift through a tome of allegations to piece together . . . claims[.]"). The Court can hardly discern facts supporting a taking or violation of Plaintiff's rights where Plaintiff appears to allege that he *unilaterally* created the trust and nominated the State of New Jersey to be its trustee. He alleges no act taken by the State with respect to the trust whatsoever. Although Plaintiff's opposition brief recites the legal elements underlying the creation of a trust, (Pl.'s Opp'n Br. 9, ECF No. 81), even accepting that a valid trusts exists, the Court simply does not see any factual averments that could establish that State officials violated federal law in their conduct with respect to the supposed trust at issue. Nor can the Court find that the factual averments in the Complaint put the State on notice of their supposed violations of federal law with respect to this trust. *See El Mujaddid*, 808 F. App'x at 76 ("A district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8 when the complaint is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" (citation omitted)).

Similarly, the Court cannot discern from the pleadings facts supporting the allegation that the United States Department of the Treasury or its officials "wrongly converted" certain "property made by and certified by the full faith and credit of the United States of America . . . for the benefit of complainant Arthur." (Am. Compl. 5.) Once again, "though the complaint is replete with legal-

how, even accepting the Amended Complaint's facts as true, the State can be described as a "usurper."

Moreover, to the extent Plaintiff claims that this matter presents a federal question, the Court can discern no facts plausibly suggesting the State has perpetrated a violation of federal law against Plaintiff such as a taking or due process violation. *See Doe v. Sizewise Rentals, LLC*, No. 09-3409, 2010 WL 3614200, at *3 (D.N.J. Sept. 8, 2010) ("The Court . . . should [not] be required to sift through a tome of allegations to piece together . . . claims[.]"). The Court can hardly discern facts supporting a taking or violation of Plaintiff's rights where Plaintiff appears to allege that he *unilaterally* created the trust and nominated the State of New Jersey to be its trustee. He alleges no act taken by the State with respect to the trust whatsoever. Although Plaintiff's opposition brief recites the legal elements underlying the creation of a trust, (Pl.'s Opp'n Br. 9, ECF No. 81), even accepting that a valid trusts exists, the Court simply does not see any factual averments that could establish that State officials violated federal law in their conduct with respect to the supposed trust at issue. Nor can the Court find that the factual averments in the Complaint put the State on notice of their supposed violations of federal law with respect to this trust. *See El Mujaddid*, 808 F. App'x at 76 ("A district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8 when the complaint is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" (citation omitted)).

Similarly, the Court cannot discern from the pleadings facts supporting the allegation that the United States Department of the Treasury or its officials "wrongly converted" certain "property made by and certified by the full faith and credit of the United States of America . . . for the benefit of complainant Arthur." (Am. Compl. 5.) Once again, "though the complaint is replete with legal-

sounding verbiage, it contains mostly conclusory statements with no factual bases." *El Mujaddid*, 808 F. App'x at 76.

### B. Proposed Amended Complaint

Finally, on May 28, 2021, Plaintiff filed a Motion for Leave to File an Amended Complaint. (ECF No. 100.) Plaintiff's Motion asserts that the proposed "amended complaint is the same in substance to the amended complaint" filed at ECF No. 11, and which has been the subject of the Court's instant Memorandum Order. (Pl.'s Mot. for Leave to File an Am. Compl. 2, ECF No. 100.) According to Plaintiff, his most recent proposed amended complaint differs from ECF No. 11 in that "[m]ulti-claim paragraphs of the 'Facts of the Case' have been separated into single claim paragraphs in the attached complaint to make the answering easier for the [D]efendants and for the justice of the [C]ourt." (*Id.*) Because the proposed amended complaint fails to cure the deficiencies identified in the instant Memorandum Opinion, the Court finds that granting Plaintiff leave to file ECF No. 100 would be futile. "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (citing *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983)).

Nevertheless, the Court will provide Plaintiff one final opportunity to amend his pleading and address the deficiencies identified in the instant Memorandum Order.

Accordingly, for the reasons set forth above, and for other good cause shown,

**IT IS** on this 25th day of June 2021 **ORDERED** that:

1. The State of New Jersey's Motion to Dismiss (ECF No. 79) is **GRANTED**.

2. The United States' Motion to Dismiss (ECF No. 93) is **GRANTED**.

3. Plaintiff's Motion for Summary Judgment (ECF No. 59) is **DENIED** as moot.

4. Plaintiff's Motion to Appoint a Receiver (ECF No. 83) is **DENIED** as moot.

5. Plaintiff's Motion for Reconsideration (ECF No. 99) is **DENIED**.[2]

6. Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 100) is **DENIED**.

7. The Clerk of Court shall close this case.

8. Plaintiff may file an amended complaint by **July 23rd, 2021**. Upon the timely filing of an amended complaint, the Clerk's Office shall reopen this matter. If Plaintiff does not file an amended complaint by this deadline, the Court will dismiss all of Plaintiff's claims with prejudice.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff has also filed a Motion for Reconsideration of the Court's February 3, 2021 decision denying his Motion to Seal. (Mot. for Recons., ECF No. 99; *see also* Mem. Order, ECF No. 96.) A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Plaintiff violates this principle by raising new arguments that his case should be sealed pursuant to the Right to Financial Privacy Act, 12 U.S.C. § 3402. (Mot. for Recons. 6.) These arguments could have been made prior to the Court's February 3, 2021 decision. Reconsideration is permitted only when "dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *Bowers*, 130 F. Supp. 2d at 612. Because Plaintiff's motion does not present material that was previously raised but overlooked by the Court, Plaintiff's Motion for Reconsideration is denied.