**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR SCOTT PRELLE,<br><br>Plaintiff,<br><br>v.<br><br>CHIEF EXECUTIVE OF NEW JERSEY, STATE OF *et al.*,<br><br>Defendants. | Civil Action No. 16-5447 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on two motions by Defendants in this action, both to dismiss Plaintiff Arthur Scott Prelle's ("Prelle") Second Amended Complaint. In the first, Defendants Treasurer of the State of New Jersey and the Governor of the State of New Jersey (improperly pled as the "Chief Executive Officer of the State of New Jersey") (collectively, the "State of New Jersey") moved to dismiss the Second Amended Complaint. (ECF No. 113.) Prelle opposed (ECF No. 115), and the State of New Jersey replied (ECF No. 118). In the second, Defendant Treasurer of the United States (the "United States") also moved to dismiss the Second Amended Complaint. (ECF No. 117.) Prelle opposed (ECF No. 119), and the United States replied (ECF No. 120). Additionally, Prelle's Order to Show Cause is pending before the Court. (ECF No. 107.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendants' Motions.

I.  **BACKGROUND**

The parties are familiar with the factual background of this matter, and the Court incorporates by reference the facts from its June 25, 2021 Memorandum Order (the "Order"). *See Prelle v. Treasurer of United States*, No. 16-5447, 2021 WL 2652337, at *1 (D.N.J. June 25, 2021), ECF No. 102.[1] In its Order, the Court dismissed Prelle's First Amended Complaint for failure to comply with Federal Rule of Civil Procedure Rule 8(a)(2). (*Id.* at *2-3) The Court gave Prelle "one final opportunity to amend his pleading." (*Id.* at *6.) That final opportunity is now before the Court. (*See generally* Sec. Am. Compl., ECF No. 111.)

Once again, the Second Amended Complaint is puzzling. From what the Court can glean, the underlying claims pertain to an alleged trust that Prelle claims he is entitled to.[2] (*See generally id.*) Prelle alleges that he is "sole heir, grantee, mortgagee, and subrogree of said 'ARTHUR SCOTT PRELLE' estate(s) trusts(s) [sic] and its aliases" and "beneficiary of RE789806284US-0022 Trust." (*Id.* at *52.) According to Prelle, "defendant Governor of NJ never accepts or disclaims responsibility as trustee for said RE789806284US-0022 Trust." (*Id.*) As noted in the previous Order, it appears that Prelle alleges that his birth and birth certificate somehow established the above-referenced trust because:

> Said transaction of birth record without valuable consideration creates an advantageous bargain obtained by means of a relation of trust, confidence, and undue influence on complainant Arthur's parents by their fiduciaries Kenneth N. Morese and his agents.

---

[1] Page numbers preceded with an asterisk reference the page numbers at the top of the ECF filing.

[2] Plaintiff is not new to litigating in federal court. *In re Prelle*, 616 F. App'x 52, 52 n.1 (3d Cir. 2015). In fact, similar to this matter, the Third Circuit noted that Plaintiff raises arguments and uses language common to the so-called "sovereign-citizens movement." *Id.* (quoting *Coppedge v. Deutsche Bank Nat'l Trust*, 511 F. App'x 130, 131 (3d Cir. 2013)). Prelle does the same here.

(*Id.* at *54.) Prelle also alleges that the "Treasurer of US never accepts or disclaims responsibility as trustee for said RE789806284US-0022 Trust." (*Id.* at *53.) Furthermore, the Second Amended Complaint indicates that the United States is properly joined as a defendant because property "for the benefit of complainant Arthur are involved and are wrongly converted for the unjust enrichment of another's use and benefit." (*Id.* at *49.) To avoid dismissal, Prelle adds three causes of action in his Second Amended Complaint: (1) resulting trust, (2) accounting, and (3) unjust enrichment. (*Id.* at *60-62.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration in original)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds *pro se*." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DISCUSSION

In reviewing Prelle's Second Amended Complaint in full, the Court finds it still runs afoul of Rule 8(a). Critically, the factual allegations remain incomprehensible. The crux of the Second

---

[3] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Amended Complaint seemingly alleges the creation of a trust by virtue of Prelle's birth and birth certificate, the "Arthur Scott Prelle" trust. But Prelle points to no law or statute, state or federal, that entitles him to any relief from Defendants. (*E.g.*, Sec. Am. Compl. *51 (claiming without support that the State of New Jersey is the grantor of a business trust in his name).) Incomprehensibly, Prelle alleges he is entitled to relief because the State of New Jersey obtained his birth record without valuable consideration to his parents. (*Id.* at *54.) Prelle offers no facts that would support the existence of any trust, let alone his entitlement to it. (*Id.* at *53.) Nor is Prelle entitled to relief merely because his Second Amended Complaint adds causes of action for "resulting trust," "accounting,", and unjust enrichment. (Sec. Am. Compl. *60-62.) Prelle still fails to state a claim for relief because broad labels without facts to support an actual legal right are insufficient as a matter of law.

Put plainly, the Court finds that Plaintiff's Second Amended Complaint still fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555. Because the Court granted Prelle one final opportunity to amend, the Court now dismisses with prejudice. Any further amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (noting that court has discretion to dismiss claims with prejudice when finding amendment would be futile (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

## IV. CONCLUSION

The Court dismisses with prejudice Prelle's Second Amended Complaint. It will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE